### HENRY INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42566. Promulgated March 31, 1931.

*Rollin P. Rodolph, C. P. A.*, and *A. Dewitt Alexander, C. P. A.*, for the petitioner.

*Eugene Meacham, Esq.*, for the respondent.

974

McMahon : The first question presented is whether the respondent erred in disallowing the deduction of $5,000 claimed by the petitioner as an ordinary and necessary business expense, representing the amount paid by the petitioner in the taxable year to a real estate broker as an installment payment of commission for leasing for a term of 40 years certain real property belonging to the petitioner.

This Board has decided, in *James M. Butler*, 19 B. T. A. 718, and other cases, that commissions paid by a lessor for procuring a lease do not constitute deductible expenses in the year paid, but are in the nature of capital expenditures which are deductible pro rata each year as the lease is exhausted. It is clear, then, that the respondent did not err in disallowing the claimed deduction. In lieu of the $5,000 deduction claimed by the petitioner, the respondent has allowed petitioner a deduction of $375, representing one-fortieth of $15,000. The respondent has thus held that the total commission on the lease was $15,000 and that the life of the lease was 40 years. There is no evidence to show that the respondent erred in so holding. This being true, the petitioner has failed to sustain his burden of proving that the respondent's determination was erroneous.

The respondent, however, affirmatively alleges that he erred in allowing as a deduction from income of the taxable year a proportionate part of $15,000. . He claims that he should have allowed as

a deduction a pro rata portion of only $5,000, the amount of the commission which was actually paid in the taxable year. The respondent does not contend that the total amount of the commission contracted to be paid was less than $15,000. He has held that the commission contracted to be paid amounted to $15,000 and at the hearing counsel for the respondent admitted it. His contention is that since only $5,000 of the commission was paid in 1927, the petitioner is entitled to a deduction of a pro rata portion of only $5,000. While the contention was not renewed by respondent in his brief, we deem it advisable to discuss it briefly.

This situation, as we see it, is similar to one in which a taxpayer purchases a building upon the installment or deferred payment plan. It seems never to have been doubted that such a purchaser has a right to annual depreciation deductions computed in the usual manner of dividing the total capital cost by the number of years of probable life of such asset. Obviously, the total capital cost is determined without reference to the basis of accounting employed by the purchaser. The same reasoning holds true in the case of an exhaustible asset such as is involved in this proceeding. Since the total amount of the broker's commission, both that portion already paid and that portion contracted to be paid, constituted a part of the capital cost of the lease, it is our opinion that the respondent did not err in prorating the full amount of the commission, $15,000, over the life of the lease, 40 years.

There being no showing that the deficiency of $624.38, as determined by the respondent, is incorrect, such determination is approved.

*Judgment will be entered accordingly.*